# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 CR 398 | DATE | 8/11/2004 |
| CASE TITLE | USA vs. Robert P. Aulston, III | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ Local Rule 41.1    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Government's motion for leave to file sur-response in opposition to respondent's motion for judgment of acquittal is denied. For the reasons stated in the attached memorandum opinion and order, defendant's motion for judgment of acquittal is denied. Enter Memorandum Opinion and Order. Cause is referred to the Probation Office for the preparation of a presentence investigation report. Sentencing is set for 11/18/04 at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | AUG 12 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 81 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MF | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

2004 AUG 11 PM 3:13
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No: 03 CR 398 |
| | ) | |
| CLINTON PAYNE, III and | ) | Judge John W. Darrah |
| COREY L. GILKEY | ) | |
| | ) | |
| | ) | |
| IN THE MATTER OF: | ) | |
| | ) | |
| ROBERT P. AULSTON, III | ) | |

DOCKETED AUG 1 2 2004

## MEMORANDUM OPINION AND ORDER

The United States of America ("the government") brought a Notice and Petition for an Amended Rule to Show Cause against Defendant, Robert P. Aulston, III. The Government contends that Defendant made false representations before the Court. The parties stipulated to the underlying facts in this matter, but Defendant contends that the Government failed to prove, beyond a reasonable doubt, that Defendant violated the criminal contempt statute. Presently before the Court is Defendant's Motion for Judgment of Acquittal. For the following reasons, that motion is denied.

## STIPULATED FACTS

On May 13, 2003, Robert P. Aulston, III, then counsel for both defendants in *United States v. Clinton Payne, III, and Corey L. Gilkey*, 03 CR 398, filed an attorney appearance form with the Court. Mr. Aulston signed the appearance form and provided his name, his office address in Detroit, Michigan, his telephone and fax numbers, and his electronic mail address. Mr. Aulston also noted his Illinois Attorney Identification Number on the appearance form,



which was 6230608.

The appearance form asked whether the attorney was a member of the trial bar of the Court, stating: "MEMBER OF TRIAL BAR?" The appearance form also asked whether the attorney was appearing as the trial attorney in the matter, stating: "TRIAL ATTORNEY?" Next to each of those two questions were boxes for "yes" or "no" answers. Mr. Aulston checked both boxes indicating "yes."

According to the records of the Clerk's Office for the United States District Court for the Northern District of Illinois, Mr. Aulston is not a member of either the general bar or the trial bar of this Court, was not a member of either of those bars at the time he filed the appearance form on May 13, 2003, and has never been a member of this Court's general or trial bars.

Among the instructions on the reverse side of the appearance form was Item 6, "Appearances and Trial Bar Membership." Item 6 stated, in relevant part:

> All attorneys filing appearances must indicate whether or not they are members of the trial bar of this Court and whether or not they are the attorney who will try the case in the event that it goes to trial.
>
> In criminal actions, an attorney who is not a member of the trial bar may not file an individual appearance. Pursuant to Local Rule 83.12, a member of the trial bar must accompany such attorney and must also file an appearance.

No member of this Court's trial bar, nor any other attorney, accompanied Mr. Aulston to court. Nor did any attorney file any appearance in the case along with Mr. Aulston.

2

On May 23, 2003, counsel for the government sent Mr. Aulston a letter stating the following:

> I noted on the appearance form you filed with the Court that you stated you are a member of the trial bar and intend to serve as the trial attorney if this matter goes to trial. It has come to my attention that you are not a member of the trial bar or the general bar for the Northern District of Illinois. I am sending this letter to you as a courtesy and to give you an opportunity to take any action you deem necessary to comply with the local rules of the Northern District of Illinois, including but not limited to Local Rules 83.12 and 83.14.

That letter was sent by facsimile at approximately 10:10 a.m. on May 23, 2003, to Mr. Aulston at the Wade Law Group; and Mr. Aulston received the letter on or about May 23, 2003.

Mr. Aulston took no action in response to the government's letter. On June 2, 2003, the government filed a memorandum with the Court concerning whether Mr. Aulston could represent both defendants jointly in light of the potential for conflicts of interest. In its memorandum, the government noted the following:

> Because the scope of the Court's inquiry includes whether the defendant has an understanding of the reconciliation of the risks and gains from joint representation, the Court must also consider the "gains" side of the equation. The inquiry should include an assessment of the conflicted attorney's qualifications and experience, including federal trial experience and experience in complex financial or tax cases. The government notes on information and belief that attorney Aulston, who is licensed to practice law in the State of Illinois, is not a member of this Court's trial or general bars, although he represented in his appearance filed with the Court on May 13, 2003, that he is a member of the trial bar.

On behalf of the Defendants Payne and Gilkey, Mr. Aulston filed a response to the government's memorandum on June 9, 2003. Government Exhibit D is a true and correct copy of the response filed by Mr. Aulston. Mr. Aulston signed the response. Under the heading

3

"Targeting Defense Counsel," the response stated, in part, the following:

> When undersigned counsel executed the standard form for filing an appearance in U.S. District Court, he completed the form as he has on numerous previous occasions, without any special attention to the significance of the two (2) boxes checked. Since 1995, undersigned counsel has filed his appearance in several cases both as plaintiff's and defendant's counsel, and in numerous bankruptcies before the U.S. District Court for the Northern District of Illinois.
>
> In addition to being licensed to practice law in the State of Illinois, undersigned counsel was duly admitted and qualified as an attorney of the United States District Courts of Illinois and Michigan, and the United States Tax Court, appearing in numerous cases in each, without ever having been informed that he is "not a member of the trial bar or the general bar." Counsel also has been admitted *pro hac vice* in state courts in Indiana, New York, and Michigan. An inquiry and application for admission to the bar of the United States District Court for the Northern District of Illinois has been submitted to the federal courts attorney admissions coordinator, to resolve what can be no more than a technical error. If required to do so, counsel would be willing to be admitted *pro hac vice*, or associate with a local member of the trial bar. . . .
>
> Personally attacking defense counsel, as has the Government in questioning (a) counsel's qualifications, and (b) counsel's ability to discern when and if a conflict of interest may arise as to a joint representation of both Defendants, may rise to a level of constitutional error . . . . The prosecution should not impugn, either directly or by implication, the integrity of defense counsel [citations omitted].

According to records of the Clerk's Office for the United States District Court for the Northern District of Illinois, there is no record of any attorney admission application having been submitted on or before June 9, 2003, by or on behalf of Mr. Aulston to the Court's attorney admissions coordinator.

The government filed a supplemental memorandum with the Court on July 3, 2003. In its supplemental memorandum, the government noted for the Court that the government had notified Mr. Aulston by its May 23 letter of the incorrect appearance form before bringing the matter to the Court's attention. According to the records of the Clerk's Office for the United States District Court for the Northern District of Illinois, as of July 3rd, the date of the government's supplemental memorandum, there was no record of Mr. Aulston's seeking to be admitted to this Court.

On July 8, 2003, Mr. Aulston filed an application with the Court, pursuant to Local Rule 83.14, seeking permission to appear *pro hac vice* in the case. The application asked the following question:

> Has the applicant ever been censured, suspended, disbarred, or otherwise disciplined by any court?

Mr. Aulston answered the question "No." Underneath that question, and four other "yes" or "no" questions concerning the applicant's professional disciplinary history, the application stated:

> NOTE: If the answer to *any* of the above questions is yes, please attach a brief description of the incident(s) and the applicant's current status before any court, or any agency thereof, where disciplinary sanctions were imposed, or where an investigation or investigations of the applicant's conduct may have been instituted [emphasis in original].

The five questions on the application concerning professional discipline, including the question asking whether the applicant was ever censured, suspended, disbarred, or otherwise disciplined by any court, seek information that is material to the Court in determining whether the applicant should be permitted to appear *pro hac vice*.

5

Mr. Aulston signed the *pro hac vice* application under penalty of perjury. The declaration which Mr. Aulston certified by his signature read as follows:

> I have read the Rules of Professional Conduct for the Northern District of Illinois, effective November 12, 1991 (Local Rules 83.50 through 83.58), and the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, effective December 15, 1992, and will faithfully adhere to them. I declare under penalty of perjury that the foregoing is true and correct.

On July 10, 2003, the Court accepted the application and ordered that Mr. Aulston may appear *pro hac vice*.

Mr. Aulston has been disciplined previously by two courts.

On May 24, 2002, the Supreme Court of Illinois suspended Mr. Aulston from the practice of law for ninety days, with the suspension stayed and Mr. Aulston instead placed on probation for 180 days, according to the records of the Illinois Attorney Registration and Disciplinary Commission ("ARDC").

On October 14, 2002, after learning of the Illinois Supreme Court's disciplinary order, the Supreme Court of Louisiana entered a reciprocal order of discipline against Mr. Aulston, according to records of the Supreme Court of Louisiana. The Louisiana Supreme Court imposed the same sanction against Mr. Aulston as had the Illinois Supreme Court, based upon the same misconduct.

On September 9, 1981, Mr. Aulston was disbarred by the State of Louisiana for committing criminal offenses that resulted in his incarceration, according to records of the Supreme Court of Louisiana. Mr. Aulston was readmitted to practice law in Louisiana in 1995,

and his admission to practice in the State of Illinois took place after full disclosure of his disciplinary history in Louisiana.

## ANALYSIS

Under 18 U.S.C. § 401(3), "[a] court of the United States shall have the power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . Disobedience of resistance to its lawful writ, process, order, rule, decree, or command." To make a finding of criminal contempt under § 401(3), there must be "a lawful and reasonably specific order of the court and a willful violation of that order." *Doe v. Maywood Hous. Auth.*, 71 F.3d 1294, 1297 (7th Cir. 1995) (*Maywood Hous. Auth.*). Willfulness is also an element of criminal contempt and is defined as a "volitional act done by one who knows or should reasonably be aware that his conduct is wrongful." *Maywood Hous. Auth.*, 71 F.3d at 1297 (citation omitted). Willfulness can be inferred from facts and circumstances. *Maywood Hous. Auth.*, 71 F.3d at 1297 (citation omitted). All elements of the contempt must be proven beyond a reasonable doubt. *Maywood Hous. Auth.*, 71 F.3d at 1297 (citation omitted).

Here, the Government has proven, beyond a reasonable doubt, that Defendant willfully violated Local Rules 83.53.3(a)(1) and 83.58.1(a)(1). Local Rule 83.53.3(a)(1) states that "[i]n appearing in a professional capacity before a tribunal, a lawyer shall not . . . make a false statement of material fact of law to a tribunal which the lawyer knows or reasonably should know is false." Local Rule 83.58.1(a) provides that "[a]n applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a lawyer disciplinary matter, shall not . . . make a statement of material fact known by the applicant or the lawyer to be false."

7

As stipulated between the government and Defendant, on three separate occasions, Defendant made false statements to the Court by: (1) stating that he was a member of the trial bar; (2) stating, in a filing with this Court, that he had applied for admission to practice in the Northern District of Illinois; and (3) misrepresenting his professional disciplinary history in an application for admission *pro hac vice*.

The government has proven, beyond a reasonable doubt, that these false statements were material, as they affected Defendant's ability to represent persons in criminal matters. These statements also affected the Court's decision as to whether to grant Defendant's application to appear *pro hac vice*.

The government has proven, beyond a reasonable doubt, that these false statements were made willfully by Defendant, as well. After the government informed Defendant that he was not a member of the trial bar, Defendant filed a brief with the Court falsely stating that he had applied for attorney admission. Defendant then filed his *pro hac vice* form and stated, under the penalty of perjury, that he had read the Local Rules concerning professional conduct. Despite receiving these warnings, Defendant persisted in his conduct and omitted his disciplinary history on his *pro hac vice* application, even though it was severe and, in two of the three instances, had occurred relatively recently.

Defendant does not contest that he willfully violated the Local Rules but argues that he must violate a specific court order to be found guilty under § 401(3). However, the text of the statute provides that a finding of contempt can be made for disobedience of a lawful rule. Findings of contempt have also been issued for violations of local rules. *United States v. Kozel*, 908 F.2d 205, 208 (7th Cir. 1990); *accord United States v. Marthaler*, 571 F.2d 1104, 1105 (9th

8

Cir. 1978) ("Intentional violation of a rule of court can be found to be a contempt of court.");
*United States v. Morrissey*, 996 F. Supp. 530, 540 (E.D. Va. 1998), *aff'd*, 168 F.3d 134 (4th Cir. 1999).

Here, the government has proven, beyond a reasonable doubt, that the Local Rules Defendant violated are lawful and reasonably specific. The Local Rules were promulgated under authority given to the courts to "prescribe rules for the conduct of their business." 28 U.S.C. § 2071; Fed. R. Crim. P. 57; Fed. R. Civ. P. 83. Moreover, Local Rules 83.53.3(a)(1) and 83.58.1(a)(1), respectively, specifically proscribe attorneys from making false statements before a court or making false statements in connection with a bar admission application. As discussed above, Defendant was aware that these rules applied to him. Defendant acknowledged, under the penalty of perjury, that he had read Local Rules 83.53 and 83.58; Defendant was also informed as to the applicability of the rules by the government. Defendant does not argue to the contrary.

Finally, Defendant contends that the charging document, the Notice and Petition for an Amended Rule to Show Cause, does not "assert that [Defendant] committed contempt by willfully violating Rules 83.53 and 83.58." (Def.'s Reply at 3). However, the charging document clearly states that Defendant, on three separate occasions, made false statements to the Court by: (1) stating that he was a member of the trial bar; (2) stating, in a filing with this Court, that he had applied for admission to practice in the Northern District of Illinois; and (3) misrepresenting his professional disciplinary history in an application for admission *pro hac vice*. Although the charging document does not specifically state that Defendant violated Local Rules 83.53 and 83.58, it clearly provided the factual details necessary so that Defendant could prepare his defense. *See, e.g., United States v. Fassnacht*, 332 F.3d 440, 444-46 (7th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the government has proven, beyond a reasonable doubt, that Defendant is guilty of violating 18 U.S.C. § 401(3). Defendant's Motion for Judgment of Acquittal is denied.

Dated: August 11, 2004

JOHN W. DARRAH
United States District Judge